IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEXTER SHAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 5:12-CV-135 (CAR) |
| Warden HILTON HALL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Dexter Shaw, a state inmate, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on April 13, 2012, alleging numerous violations of his constitutional rights by various members of prison staff at the Georgia State Prison and the Special Management Unit at the Georgia Diagnostic and Classification Prison.  The United States Magistrate Judge has issued a Recommendation addressing a number of items currently before the Court, including Defendants' two pending motions to dismiss and Plaintiff's motions for various forms of relief.  Both parties filed timely Objections to the Recommendation. Plaintiff has also filed a belated response to Defendants' second motion to dismiss, a motion for reconsideration, and yet another motion to amend and supplement his Complaint.[1]

---

[1] Plaintiff's request for an order ensuring the delivery of the aforementioned documents [Doc. 175] is **DISMISSED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Recommendation of the United States Magistrate Judge, the parties' objections, Plaintiff's belated response, and the merits of the numerous motions detailed herein.  For the reasons explained below, the Recommendation [Doc. 168] is hereby **ADOPTED IN PART** as described below.  Plaintiff's Motion for Reconsideration [Doc. 163] and Motion to Amend/Supplement [Doc. 174] are **DENIED**.

## DISCUSSION

The United States Magistrate Judge recommends that the Court deny Plaintiff's motions for preliminary injunctions and temporary restraining orders, dismiss as moot Defendants' first motion to dismiss, and grant in part and deny in part Defendants' second motion to dismiss.  Both Plaintiff and Defendants object to the Recommendation.

### I.     Plaintiff's Objection and Pending Motions

In his Objection, Plaintiff largely restates the same arguments he presented to the Magistrate Judge—arguments he has consistently raised throughout the course of this case.  Although the Magistrate Judge did not have the benefit of Plaintiff's response to Defendant's second motion to dismiss when issuing the instant Recommendation, the Court has carefully reviewed Plaintiff's arguments and finds they do not alter the Court's conclusions.  The only issues that merit additional discussion are Plaintiff's Eighth Amendment "waist chain profile" claims and Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").

**A. Eighth Amendment "Waist Chain Profile" Claims**

In sum, Plaintiff complains that Defendants violated his Eighth Amendment rights by refusing to issue or re-issue a waist chain profile despite Plaintiff's preexisting "injuries and pains in [his] right shoulder."[2]  The United States Magistrate Judge recommends dismissing this claim because Defendants are entitled to qualified immunity.  While the Court agrees that this claim must be dismissed, the Court does not rely on the Magistrate Judge's qualified immunity analysis in reaching its conclusion.  Had Plaintiff sufficiently alleged a constitutional violation, Defendants would not be entitled to qualified immunity because the law in this area is clearly established.[3]  Nevertheless, the Court finds that Plaintiff fails to state a claim for violation of his Eighth Amendment rights.

The Eighth Amendment protects prison inmates from the infliction of cruel and unusual punishment, not from all uses of force.[4]  To constitute cruel and unusual punishment, a plaintiff must establish an "unnecessary and wanton infliction of pain [and] the imposition of pain totally without penological justification."[5]  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct

---

[2] Pl.'s Recast Compl., ¶ 64 [Doc. 33].

[3] *See, e.g.*, *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) ("In this Circuit, a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment[.]"); *Gardner v. Ramsey*, No. 5:04-CV-121DF, 2006 WL 753178, at *3 n.5 (M.D. Ga.) ("[A] finding of deliberate indifference necessarily precludes a finding of qualified immunity; prison officials who <u>deliberately</u> ignore the serious medical needs of inmates cannot claim that it was not apparent to a reasonable person that such actions violated the law.") (quoting *McElligott v. Foley*, 182 F.3d 1248, 1260 (11th Cir. 2009)).

[4] *See Whitley v. Albers*, 475 U.S. 312, 327 (1986).

[5] *Evans v. Dugger*, 908 F.2d 801, 803 (11th Cir. 1990).

prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."[6]

When the conduct in question involves any measure taken to prevent a security threat or restore official control, the appropriate Eighth Amendment inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or inflicted maliciously or sadistically for the very purpose of causing harm."[7] "[S]uch factors as the need for the application of force [or restraint], the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted … are relevant to that ultimate determination."[8] Further, as the Supreme Court stated in *Rhodes v. Chapman*, "a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."[9] Indeed, "[t]hat deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventative measures taken to reduce the incidence of these or any other breaches of prison discipline."[10]

In this case, Plaintiff alleges that "due to a major breach in the security, by officers deliberately leaving the control room door ajar, [Plaintiff] pulled the door open and took

---

[6] *Whitley*, 475 U.S. at 319.
[7] *Id.* at 320-21; *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).
[8] *Whitley*, 475 U.S. at 321.
[9] *Id.* at 349 n.14.
[10] *Id.* at 322.

4

the large security key out of the door" while cuffed in front under a waist chain profile.[11] Sometime thereafter, prison personnel determined that it was a security risk to cuff inmates in front rather than behind, regardless of their medical situation.[12] Now, Plaintiff contends that Defendants' refusal to issue or re-issue a waist chain profile has caused him "pain and suffering" and has contributed to "[his] now limited use of [his] right arm and shoulder."[13] As the Magistrate Judge accurately observed, "Plaintiff has fully detailed the penological justification for his lack of a waist chain profile: he has taken advantage of that profile in the past to cause what even he terms a 'major security breach.'"[14] Given these circumstances, the Court concludes that Plaintiff has failed to state a claim that amounts to a violation of the Eighth Amendment. Accordingly, this claim must be **DISMISSED**.

### B. Exhaustion of Administrative Remedies

Having carefully considered the Eleventh Circuit's interpretation of the PLRA in *Smith v. Terry*,[15] the Court agrees with the Magistrate Judge's legal conclusion that "only the facts 'that existed when [Plaintiff] filed his original complaint' are pertinent to the determination of exhaustion.'"[16] It is irrelevant whether a plaintiff seeks to cure an exhaustion defect by amending his complaint under Federal Rule of Civil Procedure 15(a)

---

[11] Pl.'s Recast Compl., ¶ 23 [Doc. 33].
[12] Pl.'s Amended/Supplemental Compl., ¶ 123 [Doc. 66-1].
[13] Pl.'s Recast Compl., ¶¶ 168, 186 [Doc. 33].
[14] Recommendation, p. 22 [Doc. 168].
[15] 491 F. App'x 81 (11th Cir. 2012).
[16] Recommendation, p. 9 [Doc. 168] (quoting *Smith*, 491 F. App'x at 83) (alteration by Magistrate Judge).

or by supplementing his complaint under Rule 15(d).[17]  "[A]ny actions by Plaintiff to exhaust [a] claim after April 13, 2012[,] cannot support his claim of exhaustion."[18] Accordingly, the Magistrate Judge correctly determined that Plaintiff did not exhaust his administrative remedies as to his claims under the First Amendment and Religious Land Use and Institutionalized Persons Act.  Plaintiff's motions to supplement his Complaint to add claims arising after April 13, 2012, fail under the same analysis.[19]

Further, the Court will not entertain Plaintiff's interminable requests to amend his Complaint.  This case has languished for over two years, in part due to the fact that Plaintiff has filed over a dozen motions to amend or supplement his Complaint, which have largely been duplicative or frivolous.  As the Magistrate Judge accurately observed, Plaintiff's actions clearly constitute a "repeated failure[s] to cure deficiencies by amendments previously allowed."[20]

The Court has painstakingly reviewed Plaintiff's numerous requests and has freely given Plaintiff leave to amend as justice so requires, but it must move this action toward resolution.  To do otherwise would leave this case in perpetual limbo and would be contrary to this Court's duty to administer the Federal Rules of Civil Procedure in a manner that ensures the "just, speedy, and inexpensive determination of every action and

---

[17] *Smith*, 491 F. App'x at 83.
[18] Recommendation, p. 9 [Doc. 168].
[19] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that a district court may properly deny leave to amend a complaint when such amendment would be futile); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (holding that a complaint may be dismissed for failure to exhaust if the lack of exhaustion appears on the face of the complaint).
[20] Recommendation, p. 4 [Doc. 168] (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

proceeding."[21] Plaintiff must pursue any new claims in a new lawsuit. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 163] of this Court's April 10, 2014 Order denying leave to amend his Complaint is **DENIED**. Plaintiff's most recent Motion to Amend/Supplement [Doc. 174] is likewise **DENIED**.

## I. Defendants' Objection

In their Objection, Defendants contend the Magistrate Judge failed to address their argument that Plaintiff has, at most, suffered a *de minimis* physical injury in relation to his Eighth Amendment conditions of confinement claim, thereby precluding Plaintiff from recovering the damages he seeks. In his filings, Plaintiff contends that he experienced "physical and mental deterioration" and "weight loss" from being held in "punitive" segregation for over twelve years.[22] At this point in the proceedings, the Court cannot conclude that Plaintiff has not suffered a physical injury that satisfies 42 U.S.C. § 1997e(e).[23] Consequently, the Court will not dismiss Plaintiff's request for damages at this time.

## CONCLUSION

In light of the foregoing, the United States Magistrate Judge's Recommendation [Doc. 168] is hereby **ADOPTED IN PART**. The legal conclusions and findings of the Recommendation are hereby **INCORPORATED AND MADE THE ORDER OF THE COURT** <u>with the exception of</u> the analysis of Plaintiff's Eighth Amendment claims regarding his waist chain profile. Accordingly, Plaintiff's Motions for Preliminary

---

[21] Fed. R. Civ. P. 1.
[22] *See* Pl.'s Recast Compl., ¶¶ 48, 85, 167, 185, 191 [Doc. 33].
[23] *See Sheley v. Dugger*, 822 F.2d 1420, 1428-29 (11th Cir. 1987).

Injunctions and Temporary Restraining Orders [Docs. 126, 144, 153] are **DENIED**. Defendants' First Motion to Dismiss [Doc. 68] is **DISMISSED AS MOOT**, and Defendants' Second Motion to Dismiss [Doc. 118] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claim of punitive segregation in violation of the Eighth Amendment against Defendants Hall, Upton, and Humphrey will proceed. All other Defendants are **DISMISSED** from this case. Plaintiff's Motion for Reconsideration [Doc. 163] and Motion to Amend/Supplement his Complaint [Doc. 174] are also **DENIED**. Finally, the Court hereby **LIFTS** the stay on discovery consistent with Magistrate Judge's explicit directions.

    **SO ORDERED**, this 28th day of August, 2014.

                                                  S/ C. Ashley Royal
                                                  C. ASHLEY ROYAL, JUDGE
                                                  UNITED STATES DISTRICT COURT

BBP/ssh