IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEXTER SHAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:12-CV-135-CAR-MSH |
| v. | : | 42 U.S.C. § 1983 |
| | : | |
| HILTON HALL, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff, Dexter Shaw, filed the instant Complaint on April 13, 2012, alleging numerous violations of his constitutional rights by the staff of the Georgia Diagnostic and Classification Prison (GD&CP) in Jackson, Georgia. On August 28, 2014, the Court granted in part and denied in part Defendants' motion to dismiss. (ECF No. 181.) The Court allowed Plaintiff's claim of punitive segregation in violation of the Eighth Amendment to proceed against Defendants Hall, Upton, and Humphrey, and dismissed all of Plaintiff's other claims. (Order 8, Aug. 28, 2014.) Plaintiff filed a motion for reconsideration arguing that his other claims should not have been dismissed. (ECF No. 183.) The Court denied that motion in a Text-only Order dated September 15, 2014. Plaintiff has now filed a number of motions reasserting the same arguments made in his objections to the undersigned's Report and Recommendation and in his motion for

reconsideration and requesting to be relieved of the order.[1] He has also filed a motion to compel discovery (ECF No. 192), and a motion for temporary restraining order or preliminary injunction (ECF No. 195). Defendants have filed a motion for permission to take Plaintiff's deposition. (ECF No. 193.) These motions are discussed in turn below.

## DISCUSSION

**I.     Motion for Recusal**

Plaintiff seeks to have the undersigned recuse from this case pursuant to 28 U.S.C. § 455(b)(1). (Mot. for Recusal, ECF No. 184.) That statute states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned . . . [or w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. This section imposes a reasonable man standard in determining whether a judge should recuse himself. *Whitehurst v. Wright*, 592 F.2d 834, 838 (5th Cir. 1979).[2] The general rule is that bias sufficient to disqualify a judge must stem from an extrajudicial source. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). However, "there is an exception where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Davis v. Bd. of School Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975).

---

[1]     Plaintiff has filed the following motions: Motion for Recusal (ECF No. 184); Motion to Certify Issue for Appeal (ECF No. 185); Motion to be Relieved of Order on Motion to Dismiss (ECF No. 186); Motion to Amend Motion 185 (ECF No. 188); Second Motion to be Relieved of Order on Motion to Dismiss (ECF No. 189); Motion for Corrective Order (ECF No. 190); Motion to Stay Discovery (ECF No. 191).

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff argues that certain circumstances occurring within this case show the undersigned's "bias/prejudice against Plaintiff" such that recusal is necessary. These are: (1) that the undersigned expressed "serious doubts about the likelihood of Plaintiff's ability to prove the allegations in his Complaint" in the Recommendation issued on May 19, 2014 (Report & Recommendation 33, ECF No. 168); and (2) that the undersigned allegedly did not give Plaintiff the opportunity to respond to Defendants' motion to dismiss (Mot. for Recusal 1-2).

As to the statement in the Recommendation, this is insufficient to make a reasonable person question the undersigned's impartiality. The undersigned was referring to the state of the record as it stood on May 19, 2014 and specifically allowed the claim in question to proceed. The statement in no way implies that the undersigned will not fairly and impartially consider all future contentions and decide the issues accordingly. As to Plaintiff's allegation that he was not given an opportunity to respond to the motion, Plaintiff was given notice of the motion to dismiss on the date it was filed and specifically given an opportunity to respond. No bias is shown by the Court ruling on the pending motion after Plaintiff's time to respond expired.

For the reasons explained above, Plaintiff has not pointed to any facts that would lead a reasonable person to question the impartiality of the undersigned. Plaintiff's motion for recusal is therefore denied.

## II.     Motions Related to the Court's August 28, 2014 Order

Plaintiff has filed a number of motions based upon his disagreement with the Court's August 28, 2014 Order granting in part and denying in part Defendants' motion

3

to dismiss.  He asks the Court to certify an issue for appeal (ECF Nos. 185, 188) and to stay discovery pending that appeal (ECF No. 191).  Plaintiff has also filed two motions to be relieved of that Order under Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 186, 189), and a motion for corrective order (ECF No. 190).

    A.    <u>Motion to Certify Issue for Appeal</u>

Plaintiff asks the Court, pursuant to 28 U.S.C. § 1292, to certify an issue for interlocutory appeal to the Eleventh Circuit.  (ECF No. 185.)  Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.[3]

28 U.S.C. § 1292(b).  Plaintiff argues that "there is substantial ground for difference of opinion" regarding the Court's determination that the Eleventh Circuit's opinion in *Smith v. Terry*, 491 F. App'x 81 (11th Cir. 2012) requires prisoner-plaintiffs to exhaust their administrative remedies on all claims prior to filing suit, including claims which arose after the filing of the suit.  He requests certification of the question: "Whether *Smith v.*

---

[3] The subsection continues:

> The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

*Terry* [] bars supplemental complaints [under Federal Rule of Civil Procedure] 15(d) that ha[ve] occurred 'after' the filing of the original complaint?"

The Eleventh Circuit has stated that the grant of review of interlocutory orders under § 1292 is permitted only in exceptional circumstances. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004). "In determining whether to grant review, [a court] should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." *Id.* at 1259. The Court finds that there is no such substantial dispute. Therefore, substantial grounds for difference of opinion do not exist in this case, and the exceptional circumstances requirement is not met. It is thus recommended that Plaintiff's motion to certify issue for appeal be denied. Because the Court recommends denial of these motions, Plaintiff's motion for stay of discovery pending the proposed appeal (ECF No. 191) should be denied as moot.

B.  Motions to Be Relieved of Court Order

Plaintiff requests alternatively that he be relieved of the August 28, 2014 Order under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF Nos. 186, 189.) By its own terms, Rule 60(b) is limited to relief from a "final" judgment or order. "Interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." 7 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 60.20, at 60–170 (2d ed. 1985). "[A]n interlocutory order" is "not subject to being vacated under Rule

5

60(b)," but "the court at any time before final decree [may] modify or rescind it." *Bon Air Hotel, Inc. v. Time, Inc.,* 426 F.2d 858, 862 (5th Cir.1970).

The Court has already rejected Plaintiff's Objections filed in response to the Report and Recommendation regarding the motion to dismiss (Order, August 28, 2014, ECF No. 181), as well as denied Plaintiff's motion for reconsideration (Text-only Order, September 15, 2014). Plaintiff once again raises the same arguments in his new motions. Plaintiff's motions under Rule 60(b) are denied.

### C. Motion for Corrective Order

Plaintiff also moves for a corrective order, arguing that the undersigned erred in the Report and Recommendation by separating the Eighth Amendment claims into different categories and dismissing all but the claim for extended punitive segregation. (Mot. for Corrective Order, ECF No. 190.) Again, Plaintiff reargues the same points that he has raised before. When a plaintiff files a claim under § 1983 and alleges multiple constitutional violations, the Court must distinguish the allegations from one another and consider each under the appropriate constitutional standard. The Court did this when considering the motions at issue here and found that some claims were subject to dismissal while Plaintiff's Eight Amendment claim for punitive segregation was not. Plaintiff attempts to relitigate the sufficiency of his other claims through this motion. As Plaintiff has been informed on multiple occasions before, these issues have been decided and will not be reconsidered. Plaintiff's motion is denied.

### III. Motion for Temporary Restraining Order/Preliminary Injunction

On November 12, 2014, Plaintiff filed a motion for a temporary restraining order (TRO) or preliminary injunction requesting that the Court order Defendants to release Plaintiff from segregation. (ECF No. 195.) Plaintiff argues that his continued detention in segregation will result in irreparable harm. He further states that his continued detention in segregation is in retaliation for his exercising of first amendment rights to free speech. (Mot. for TRO 1.)

The standard for obtaining a TRO is identical to that for obtaining a preliminary injunction. *See Windsor v. United States*, 379 F. App'x. 912, 916–17 (11th Cir. 2010). Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Plaintiff has not shown a substantial likelihood of success on the merits of his claim. Plaintiff makes numerous conclusory accusations that the sanctions levied against him leading to his long-term segregation were "illegal" and were intended as retaliation for his filing of complaints. (Pl.'s Mem. in Supp. of Mot. for TRO 1, ECF No. 195-1.) At this point in the case, it is entirely unclear if Plaintiff can show that his assignment to

segregation was punitive in nature rather than proper disciplinary sanctions for Plaintiff's behavior.  Plaintiff's request essentially seeks to have the Court dictate to the prison administrators how to classify prisoners, without the benefit of a full picture of the circumstances surrounding Plaintiff's assignment to segregation.  The Court cannot determine based solely on Plaintiff's conclusory allegations that he has a substantial likelihood of success on the merits.

Plaintiff has also failed to show that his threatened injury outweighs any harm to Defendant and that a TRO in this case would not be adverse to the public interest.  Again, Plaintiff asks the Court to tell prison administrators how to properly classify prisoners without a complete understanding of the factual situation that they face.  "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).   The Supreme Court has determined that lower courts should defer to the decisions of prison administrators on these matters, and this is especially important where the Court is only given the prisoner's potentially biased perspective. *Id*.  Therefore, Plaintiff has failed to show that issuance of a TRO in this case would not be adverse to the public interest.

Plaintiff has not shown that he is entitled to injunctive relief in this case. *See All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted

8

unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."). Consequently, it is recommended that Plaintiff's motion be denied.

## IV. Discovery Motions

A number of discovery motions are also currently pending. Plaintiff has filed a motion to compel discovery and issue sanctions against Defendants' counsel. (ECF No. 192.) Defendants request permission to depose Plaintiff at his place of incarceration. (ECF No. 193.) Defendants' request is hereby granted.

Plaintiff contends that Defendant Hall failed to respond or responded incompletely to discovery requests 1, 4, and 7 which Plaintiff served upon Defendant's counsel on September 7, 2014. (Pl.'s Br. in Supp. of Mot. to Compel 1, ECF No. 192-1.) Defendant Hall responded by arguing that he has furnished all documents in his possession which are responsive to the requests Plaintiff has made except those requests to which he has a valid objection. (ECF No. 194.)

Initially, Defendant Hall argues that Plaintiff has not complied with the good faith conference requirement of Rule 37(a)(1). (Defs.' Resp. to Mot. to Compel 4.) That rule requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff declares that "On October 15, 2014, I wrote the attorney (D.Gore) in good faith, trying to resolve the disputes concerning my requests. As of date of this filing, I'm yet to receive a response." (Pl.'s Decl. in Supp. of Mot. to Compel 2.) According to Defendants, their counsel

9

responded to Plaintiff's "good faith" attempt to confer on the issues on November 3, 2014, five days after Plaintiff filed his motion. (Defs.' Resp. 2.)

Defendants have attached Plaintiff's letter dated October 15, 2014. (Defs.' Resp. Ex. 5, ECF No. 194-5.) In that letter, Plaintiff recites the requests at issue and the responses made, and then makes an argument as to why each response is insufficient. *Id*. Plaintiff's "good faith" attempt at resolving the issue as to request 1 was the following: "The response is evasive and incomplete. Alleging my request is irrelevant is frivolous." (*Id.* at 2.) Plaintiff then cites Rule 26 and the relevance standard but does not clearly articulate why he believes the objected-to information is relevant. (*Id.*) He then filed this motion, dated twelve days after the letter.

The Court cannot construe this letter as a good faith attempt to confer and resolve this dispute without court action. Plaintiff does not clearly articulate why he believes the responses given to his requests are inadequate. He merely makes the conclusory accusations that the responses are "stall tactics" and that Defendants are being "evasive," and then instead of requesting a specific response, Plaintiff merely states that he will file this motion to compel. This letter is not a good faith attempt to resolve the dispute.

Furthermore, Plaintiff did not give Defendants adequate time to respond to his letter. Plaintiff signed his motion on October 27, 2014, meaning that he only allowed twelve days to pass between the date he signed the letter and when he signed the motion. This is not a sufficient amount of time for Defendants to adequately review and respond to Plaintiff's letter, and shows that this was not a good faith attempt to resolve the issues

without court intervention.  Because Plaintiff did not make a good faith effort, the Court will not consider his motion to compel at this time and the motion is denied.

The parties are directed to confer in good faith regarding these discovery issues when they meet for Plaintiff's deposition.  The parties are reminded that information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The only claim on which discovery is proceeding is the issue of Plaintiff's alleged punitive segregation for an extended period of time.  All other claims have been dismissed, and discovery requests made by Plaintiff that do no pertain to the one remaining Eighth Amendment claim will not be considered relevant.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal (ECF No. 184), motions to be relieved of the Court's August 28, 2014 Order (ECF No. 186, 189), motion for corrective order (ECF No. 190), and motion to compel (ECF No. 192) are denied. Defendants' motion to take deposition of Plaintiff (ECF No. 193) is granted.  It is recommended that Plaintiff's motions to certify an issue for appeal (ECF Nos. 185, 188), motion to stay discovery pending that appeal (ECF No. 191), and motion for temporary restraining order (ECF No. 195) be denied.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 14th day of November, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE