IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEXTER SHAW, | : |
| Plaintiff, | : |
| | : NO. 5:12-CV-135-CAR-MSH |
| v. | : 42 U.S.C. § 1983 |
| HILTON HALL, *et al.* | : |
| Defendants. | : |

### ORDER

Plaintiff, Dexter Shaw, filed the instant Complaint on April 13, 2012, alleging numerous violations of his constitutional rights by the staff of the Georgia Diagnostic and Classification Prison (GD&CP) in Jackson, Georgia. On August 28, 2014, the Court granted in part and denied in part Defendants' motion to dismiss. (ECF No. 181.) The Court allowed Plaintiff's claim of punitive segregation in violation of the Eighth Amendment to proceed against Defendants Hall, Upton, and Humphrey, and dismissed all of Plaintiff's other claims. (Order 8, Aug. 28, 2014.)

Discovery was stayed in this case on September 17, 2013 (Text-only Order, Sept. 17, 2013) pending the disposition of Defendants' motions to dismiss. Discovery reopened as of the Court's August 28, 2014 Order granting in part and denying in part those motions. As described in the Court's July 17, 2013 Order, the discovery period was 90 days long, meaning discovery in this case officially closed on November 27, 2014.

Prior to the close of discovery, Plaintiff filed a motion for extension of discovery (ECF No. 198) which detailed a number of outstanding discovery issues requiring additional time to resolve. Plaintiff dated his motion November 12, 2014 and specifically discussed the fact that his motion to compel (ECF No. 192) and several other motions and discovery requests remained outstanding. Before the Court received Plaintiff's motion for extension of discovery, it handed down an Order and Recommendation (ECF No. 196) covering some of the issues specified in Plaintiff's motion, including denying the one motion to compel that was then on the docket. In his motion for extension of time, Plaintiff also mentioned two other motions to compel that he sent on or about November 8, 2014, but the Court had not received those motions as of November 18, 2014, when it received the motion for extension of time. Plaintiff's third and fourth motions to compel were docketed on December 9, 2014. (ECF Nos. 205 & 206.)

The parties met on December 18, 2014, at which time Defendants produced a number of new documents to Plaintiff. (Defs.' Resp. to Court Order 1, ECF No. 213.) On December 22, 2014, the Court ordered both parties to detail what, if any, discovery issues remained following their conference. Defendants responded that the discovery issues detailed in Plaintiff's second motion to compel (ECF No. 199) and one issue raised in Plaintiff's fourth motion to compel (ECF No. 206) remain in dispute, and that Defendants believe the issues detailed in Plaintiff's other motions to compel were resolved by their document production at the conference. (*Id*. at 2-3.) Plaintiff responded with a list of at least five specific issues that remain in dispute. (Pl.'s Resp. to Court Order, ECF No. 214.)

The following motions are pending in this case: Plaintiff's motions for extension of time to complete discovery (ECF No. 198), to compel discovery (ECF No. 199), for discovery (ECF No. 200), for subpoena for producing, viewing, and copying institutional files (ECF No. 201), to compel discovery (ECF No. 205), to compel discovery (ECF No. 206), for expert witness (ECF No. 207), to amend certification (ECF No. 210), for service of subpoena (ECF No. 211), for subpoena duces tecum on a third party (ECF No. 218), for issuance of subpoena to produce documents for viewing (ECF No. 219), and for subpoena duces tecum on a third party (ECF No. 220); and Defendants' motion for extension of time to file dispositive motions (ECF No. 208).

**I.   Motions to Compel**

Plaintiff filed four motions to compel discovery from Defendants. The first motion (ECF No. 192) was denied in this Court's Order dated November 14, 2014 (ECF No. 196). Mailing issues appear to have caused the Court to receive Plaintiff's other motions to compel out of sequence. Plaintiff's Second Motion to Compel, docketed on November 21, 2014 (ECF No. 199) is dated November 16, 2014. Plaintiff's Third Motion to Compel, docketed on December 9, 2014 (ECF No. 205) is dated November 8, 2014. Plaintiff's Fourth Motion to Compel, also docketed on December 9, 2014 (ECF No. 206) is likewise dated November 8, 2014.[1]

---

[1] This situation is troubling to the Court. Plaintiff frequently alleges in his pleadings that his legal mail is either held up or not properly processed at his place of confinement. Based upon the present record, it is difficult for the Court to come to any other conclusion except that something is inhibiting Plaintiff's mail from reaching the Court in a timely manner. The time that has elapsed between the dating of some of Plaintiff's filings and the docketing dates is unacceptable. Plaintiff has not, however, put forth any proof of wrongdoing on the part of the

Due to the discovery conference between the parties on December 18, 2014, some of the issues raised in Plaintiff's motions have been resolved.  Plaintiff has stated for the Court that he believes the following requests remain inadequately responded to: (1) request for all documents and other tangibles regarding Plaintiff's placement in segregation in 2001; (2) request for all classification forms and 90 day reviews from throughout his alleged "punitive segregation," and the recommendation that he be released from segregation in March 2010; (3) request for all documents and tangibles related to the demotion of Sandra Moore from deputy warden of care and treatment at Georgia State Prison (GSP); (4) request for production of a "Local Operating Procedure" regarding the "High Maximum Custody Unit" with an effective date of January 5, 2008; and (5) request for production of a March 26, 2009 letter to Defendant Hall regarding allegations that Defendant was retaliating against Plaintiff in concern for "his friend and former employee that he grew up with."  (Pl.'s Resp. to Court Order 1-2.)

Plaintiff's motions to compel are denied.  The Court has reviewed the items Plaintiff claims Defendants are either withholding or have destroyed and finds that they are either irrelevant to the remaining claim, or have been responded to in as complete a manner as is possible and required by the discovery rules.  Plaintiff's requests are rambling and vague. The Court has struggled to understand the purported relevance of the discovery he seeks and what basis he has for his contention that Defendants have either lied about an inability to locate specific documents or destroyed them other than

---

Defendants in this case, other than circumstance and insinuation.  Should the issue continue, the Court may address it in an evidentiary hearing.

Plaintiff's disbelief of the responses given and his desire for different answers. Motions to compel are not intended as an avenue for parties to complain about responses that they do not like. The responses made by Defendants have been adequate and their objections, especially with regard to the vagueness of his questions, are valid. The information that Plaintiff seeks is either unavailable or irrelevant, and Plaintiff's arguments to the contrary are unavailing.

## II.     Motion for Extension of Time to Complete Discovery

As stated above, Plaintiff's motions to compel are denied. Given that each of Plaintiff's stated discovery issues have now been resolved, the Court sees no reason to extend discovery beyond the time allotted in the original discovery order. Plaintiff's motion for extension of time to complete discovery (ECF No. 198) is likewise denied.

## III.    Motions for Subpoenas

Plaintiff has requested a number of subpoenas to be served on both parties and non-parties to this lawsuit. Initially, the Court notes that in a Text-only Order dated December 4, 2014, the Court granted Plaintiff's motion docketed at ECF number 202, requesting the issuance of a subpoena on Mr. John Berry to return certain documents to Plaintiff for his use in this lawsuit. Text-only Order, Dec. 4, 2014. On December 18, 2014, the Court received and docketed Plaintiff's motion to serve a subpoena (ECF No. 211). Attached to that motion was a subpoena filled out by Plaintiff, allegedly in accordance with the December 4 Order, which he desired to have the Court serve for him. However, the request in the attached subpoena was not the same request that the Court granted but instead sought copies of Plaintiff's institutional and classification files from

5

the Warden of Plaintiff's current place of incarceration. Subpoena, ECF No. 211-1. It is unclear if Plaintiff deliberately misconstrued the Court's December 4, 2014 Order or genuinely believed the Court had granted him leave to subpoena these documents. Regardless, because Plaintiff has had the opportunity to view these files,[2] Plaintiff's request to serve the subpoena (ECF No. 211) is now moot, as is his initial motion seeking this subpoena (ECF No. 201) and both are denied.

Plaintiff has also requested three other subpoenas (ECF Nos. 218, 219, 220). Each was received by the Court and docketed on January 5, 2015. Plaintiff requests a subpoena to serve on the Southern Center for Human Rights requesting a letter and related documents he alleges are in their possession (ECF No. 218), to Mr. Rick Jacobs requesting information regarding an alleged "Top 200" list (ECF No. 219), and to Mr. Brian Owens, Commissioner of the Georgia Department of Corrections, requesting a "Local Operating Procedure" and letters written by Plaintiff from 2001 to 2008 (ECF No. 220). As stated above, discovery in this case closed on November 27, 2014. Plaintiff's motions were not docketed by the Court until January 5, 2015 and were not even signed by Plaintiff until December 14, 2014, more than two weeks after the close of discovery. Because Plaintiff is not requesting the subpoenas for the purpose of compelling attendance of a person at trial, but for discovery purposes, these motions should have been filed within the discovery period in accordance with the Court's discovery Order. Plaintiff's motions make clear that these documents were known to him prior to the close

---

[2] At the discovery conference between the parties on December 18, 2014, Plaintiff was given the opportunity to view his institutional files.

6

of discovery and he has shown no reason why these requests could not have been made within the discovery period. Therefore, Plaintiff's motions for subpoena are denied.

## IV. Miscellaneous Motions

Plaintiff has also filed two other motions, a motion for an expert witness (ECF No. 207) and a motion to amend certification (ECF No. 210). Based upon the Court's determination above denying the related motion, Plaintiff's motion to amend certification is moot and is denied as such. Furthermore, in a civil action, such as this, the parties are not entitled to the appointment of expert witnesses. Therefore, Plaintiff's motion for an expert witness is denied.

## V. Defendants' Motion for Extension of Time to File Dispositive Motions

Defendants seek an extension of time to file their motion for summary judgment in this case (ECF No. 208). Because the parties engaged in further informal discovery beyond the official end of the discovery period on November 27, 2014, the Court agrees that it is in the interests of justice to allow for an extension of time to file dispositive motions in this case. Therefore, the parties are granted an additional sixty (60) days from the date of this Order in which to file pre-trial dispositive motions.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff's motion for extension of time to complete discovery (ECF No. 198), motions to compel discovery (ECF No. 199, 200, 205, 206), motions for subpoenas (ECF No. 201, 211, 218, 219, 220), motion for expert witness (ECF No. 207), and motion to amend certification (ECF No. 210) are denied.

Defendants' motion for extension of time to file dispositive motions (ECF No. 208) is granted.

SO ORDERED, this 20th day of January, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE