IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEXTER SHAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:12-CV-0135-CAR-MSH |
| HILTON HALL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

Presently pending before the Court are several motions filed by Plaintiff.[1]  The first is a motion for the Court to appoint an expert witness on Plaintiff's behalf. (ECF No. 226.)  Next are two motions (ECF Nos. 246 & 248) to stay the proceedings in this case and stop the Court from ruling on Defendants' motion for summary judgment.  Last is a motion to amend Plaintiff's response to Defendants' pre-answer motion to dismiss. (ECF No. 247.)

**I.   Motion to Appoint Expert Witness**

Plaintiff asks the Court to appoint a handwriting expert in order to testify on his behalf that a document filed by Defendants is not accurate and has been forged.  The document, Attachment-A to Plaintiff's motion, appears to be a request from Defendant Hilton Hall, on behalf of Georgia State Prison (GSP), to the Georgia Department of

---

[1]  Also pending is a motion for reconsideration (ECF No. 242) of the Court's Order filed on April 6, 2015 (ECF No. 237).  That motion has not been referred to the undersigned, and is therefore not considered in this Order.

Corrections (GDOC) for a variance on the requirements of the GDOC Standard Operating Procedure (SOP) covering inmate discipline.  Defendant Hall states in the document that he requests the variance to allow for the continued use of disciplinary segregation at Georgia State Prison because the new SOP did not include this sanction.  The variance request specifies when and how the sanction of disciplinary segregation would be used, and that if approved, GSP would comply with all other requirements of the SOP and those stated in the variance request.  Defendant Hall signed the request on December 28, 2000.  It was recommended that the variance request be granted by Johnny L. Sikes, Regional Director or Assistant Division Director, on December 29, 2000.  Finally the document shows that the request was approved by Mr. Rick Jacobs "for James Doctor," on January 29, 2001.

Plaintiff argues that this document is forged.  He claims that in December 2003, he was subjected to the sanction of disciplinary segregation, but believed that it was an improper sanction under the relevant SOP.  Shaw Decl., ECF No. 226-2.  Plaintiff states that when he learned that disciplinary segregation was not allowed under the SOP that came into effect on January 1, 2001, he requested from the law library and GSP officials a copy of any variance allowing the continued use of disciplinary segregation and none was produced to him.  *Id*.  Plaintiff alleges the three officials who signed it forged the variance request at issue in early 2004 in response to his complaints.  *Id*.  Plaintiff's only proof of this allegation is the timeline of events.  He believes a handwriting expert will testify that when Rick Jacobs dated the forged document, he accidentally dated it "1/29/04" but then wrote over the 4 to make it look like a 1.

Rule 706 of the Federal Rules of Evidence provides the court with discretionary power to appoint an expert to testify in a civil action. Fed. R. Evid. 706(a). Plaintiff argues that the Eleventh Circuit's decision in *Steele v. Shah*, 87 F.3d 1266 (11th Cir. 1996), supports his request for appointment of an expert. In that case, the district court summarily denied the plaintiff's request for appointment of an expert and the Eleventh Circuit remanded, stating that the district court had abused its discretion because the plaintiff was entitled to a "reasoned ruling upon" his motion. *Id.* at 1271. The Court went on to state that the appointment of an expert may be warranted in cases where it is necessary "to avoid a wholly one-sided presentation of opinions on the issue." *Id.* Although the Court did not offer an opinion on how the district court should rule on remand, it noted that the expert testimony requested would be particularly relevant in that case because one issue involved was the appropriate standard of psychiatric care. The Court expressed concern that if only the defendant were capable of producing an expert witness at trial, the trier of fact would only hear the one defendant-friendly opinion on that crucial issue. *Id.*

Plaintiff's request for an expert is based on his conjectural allegation that the variance must have been forged in 2004 because he was not provided with a copy when he requested it in 2003 and because there is a discrepancy in the date after Rick Jacobs' signature. Plaintiff is convinced that the Defendants in this case have forged this and other documents filed with the Court. However, Plaintiff's allegations are entirely speculative and completely unsupported by facts in the record.

This case is distinguishable from the situation in *Steele*, as it does not present the

3

same concerns of "one-sided presentation of opinions" on crucial issues present in that case. The issue addressed by Plaintiff's argument is not the same type of crucial issue that was the case in *Steele*. Assuming, *arguendo*, that an expert could be found to testify as Plaintiff desires that the date written by Rick Jacobs originally ended with a 4 and was subsequently changed to a 1, this information does not address the underlying issue in this case: does Plaintiff's extended confinement to segregation constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution? First, a handwriting expert cannot conclusively state when a document was signed, even if his analysis showed that the date was changed at some time. He could only testify that a different number had likely been written before the 1 was scribbled in. It is entirely plausible that Mr. Jacobs accidentally (and without any of the malice attributed by Plaintiff without supporting facts) miswrote the last digit of the year and scribbled a 1 over it in order to clarify his error. The handwriting expert would have no basis upon which to attribute a state of mind to the person who wrote the date at issue.

Second, even taking the next logical leap requested by Plaintiff, if it were possible for the handwriting expert to opine as to the state of mind of Mr. Jacobs and he testified that the document was forged, such testimony would not go toward the issue of cruel and unusual punishment. If Plaintiff is correct, Defendants were continuing to use the sanction of disciplinary segregation after the new SOP went into effect, and then used this document to cover up that fact when Plaintiff complained. The use of disciplinary segregation beyond its explicit condonation by the GDOC does not necessarily mean that its imposition on Plaintiff was "punitive" as he alleges. Courts are very deferential to the

4

decisions of prison officials in how they maintain security in their prisons. Further, the failure to follow the SOP is not in and of itself a violation of the Constitution, and therefore this testimony would not assist Plaintiff in proving that the Defendants' actions were in violation of the Eighth Amendment.

As previously stated, Plaintiff's allegations of fraud and perjury are supported by little more than his own speculation. The Court will not give credit to such serious allegations through the allocation of Court resources in support of them without more than unsupported accusation. Plaintiff's motion has been considered as required by the *Steele* case, but is denied for the reasons stated above.[2]

## II.     Motions to Stay

Plaintiff also filed two motions to stay these proceedings (ECF Nos. 246 & 248) in order to stop the Court from ruling on Defendants' motion for summary judgment. In support of his request for a stay, Plaintiff argues that the Court should not rule on the summary judgment motion until it has ruled on his motion for reconsideration (ECF No. 242) and allowed discovery to proceed on the other Eighth Amendment claims which were previously dismissed from this action. Plaintiff's motions are denied. These issues have been raised on numerous occasions throughout this litigation, and been denied each time. The district judge will consider Plaintiff's motion for reconsideration in a timely manner,

---

[2] Aside from the foregoing, Plaintiff's own motion undercuts his argument that an expert is needed. Plaintiff states that "a layman can look at the procedural variance . . . and acknowledge that it was actually created in 2004, not 2001." Pl.'s Mem. in Supp. of Mot. for Expert Witness 1, ECF No. 226-1. If, as Plaintiff states, the fact to which the expert would testify would be clear to a lay person, the testimony of an expert is not required to aid the trier of fact. *See* Fed. R. Evid. 701(c).

but the case must proceed as it currently stands for the sake of judicial economy and efficiency.

## III. Motion to Amend

Finally, Plaintiff filed a motion to amend or correct his response to Defendants' pre-answer motion to dismiss. (ECF No. 247.) The Court has already disposed of Defendants' motion and has considered and denied Plaintiff's prior motions to reconsider its decision. Plaintiff's proposed amendment does not change any of those decisions and is therefore denied as futile.

## **CONCLUSION**

Wherefore, for the reasons stated above, Plaintiff's motion to appoint an expert witness (ECF No. 226), motions to stay (ECF Nos. 246 & 248), and motion to amend (ECF No. 247) are denied.

SO ORDERED, this 11th day of August, 2015.

/s/ Stephen Hyles  
UNTED STATES MAGISTRATE JUDGE