IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEXTER SHAW, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:12-cv-0135-CAR |
| HILTON HALL, et al, : | |
| : | |
| Defendants. : | |

## ORDER

Plaintiff Dexter Shaw has filed a motion to proceed *in forma pauperis* on appeal from the Court's March 29, 2016, Order (ECF No. 265) granting summary judgment in favor of Defendants.  After reviewing the orders in this case, Plaintiff's Notice of Appeal (ECF No. 267), Amended Notice of Appeal (ECF No. 275), Motion to proceed *in forma pauperis* on Appeal (ECF No. 268), and Defendants' Response thereto (ECF No. 274), the Court finds that Plaintiff cannot proceed in this action without pre-paying the full $505.00 appellate filing fee.

### I.     Three Strikes Bar

The district court may authorize an appeal of a civil action without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets and that states he is unable to pay or give security therefor.  *See* 28 U.S.C. § 1915(a)(1).   In this case, the Court finds that Plaintiff's submissions (ECF No. 268) are sufficient to demonstrate his inability to prepay the appellate filing fees or give security therefor.

Federal law, however, prohibits a prisoner from bringing a civil action or appeal in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).  If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited. *See id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple lawsuits in federal court and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See Shaw v. Thomas,* 6:92-CV-82 (S.D. Ga. August 4, 1992) (failure to follow court order); *Shaw v. Smith*, 6:03-CV-66 (S. D. Ga. August 28, 2003) (dismissal as a sanction for lying about existence of previous strike and existence of previous federal case concerning the same facts); *Shaw v. Smith*, 6:03-CV-133 (S.D. Ga. April 26, 2005) (failure to comply with court order), also in this same case, Appeal No. 05-13307-G was dismissed as frivolous on September 25, 2005 and his motion for reconsideration of this decision was denied on November 28, 2005, at which time the Eleventh Circuit Court of Appeals again stated that the appeal was frivolous); *Shaw v. State of Georgia*, 614-cv-048 (S.D. Ga. Aug. 8, 2015) (plaintiff failed to exhaust

and thus failed to state a claim). For this reason, and because there nothing alleged in Plaintiff's submissions suggest that the three strikes bar should not be applied for Plaintiff's appeal, the undersigned finds that Plaintiff is barred, by § 1915(g), from proceeding without prepayment of the full $505.00 filing fee.

## II.   Appeal is not Taken in Good Faith

Even when a prisoner is eligible for leave to proceed *in forma pauperis* under § 1915(g), he may also be denied such leave if the trial court finds that the appeal is not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").  "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  While the good-faith test under § 1915 does not require a preliminary showing of any particular degree of merit, the examining court must at least be able to determine from the plaintiff's application whether the appeal involves legal points that are arguable on their merits. *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (citations omitted).  That is, legal theories raised in the appeal must be "capable of being convincingly argued."  *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)) ("[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'").  If they are not, the appeal is "indisputably meritless," in other words frivolous, and thus, brought without good faith. *Id*. at 859 (quoting *Carroll* 984 F.2d at 393).

After a review of the relevant orders in this case, Plaintiff's Notice of Appeal,

3

Amended Notice of Appeal, Motion to proceed *in forma pauperis* on Appeal, and Defendants' Response thereto, the Court finds no basis for a good faith appeal. The issues raised on appeal are meritless for those reasons already stated and/or adopted in the Courts prior orders. The Court therefore certifies, pursuant to § 1915(a)(3), that Plaintiff's appeal is not taken in good faith.

### III. Conclusion

Plaintiff's Motion to Proceed *in forma pauperis* on appeal is **DENIED**. Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

.                           **SO ORDERED** this 14th day of June, 2016.

                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL, JUDGE
                                          UNITED STATES DISTRICT COURT